1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICOLA MEASE,

                Plaintiff,

    v.

DCS FINANCIAL INC.,

                Defendant.

CASE NO. 24-5257 DGE-RJB

ORDER ON CROSS MOTIONS
FOR SUMMARY JUDGMENT

16

17

18

19

      This matter comes before the Court on the Defendant DCS Financial Inc.'s ("DCS")
Motion for Summary Judgment (Dkt. 8) and the Plaintiff Nicola Mease's Cross Motion for
Summary Judgment (Dkt. 9).  The Court has considered the pleadings filed regarding the
motions and the remaining file.

20

21

22

23

24

      In this case, Ms. Mease alleges that DCS, a collection agency, violated the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"), Washington's Consumer
Protection Act, RCW 19.86, *et. seq.* ("WCPA"), and Washington's Collection Agency Act,
RCW 19.16.250 (21) ("WCAA") when it attempted to collect on a July 26, 2013 judgment for

alleged unpaid medical bills.  Dkt. 1.  Ms. Mease contends that the 2013 judgment is no longer valid and that even if the judgment is valid, DCS's collection efforts were improper.  *Id.*

DCS moves for summary judgment arguing that the judgment is valid, and that it has not attempted to collect any amounts not legally owed by Ms. Mease.  Dkt. 8.  Ms. Mease opposes the motion and cross moves for summary judgment arguing that the judgment is invalid because it is over ten years old and has not been renewed as required under Washington law.  Dkt. 9.  She further contends that even if the judgment was valid, DCS's collection efforts violated her statutory rights.  *Id.*

For the reasons provided below, DCS's motion for summary judgment (Dkt. 8) should be denied and Ms. Mease's motion for summary judgment (Dkt. 9) should be granted.

## I.     <u>FACTS</u>

According to DCS's owner, Robin Adams, DCS was assigned unpaid medical debt owed by Ms. Mease in 2011.  Dkt. 11 at 1.  Adams states that after it made several attempts to contact her, DCS filed a complaint against Ms. Mease in Clark County, Washington District Court ("district court").  *Id.*  (The Washington state district courts are courts of limited jurisdiction. Superior courts are courts of general jurisdiction.)  Ms. Mease did not appear or otherwise answer in the district court case.  Dkt. 11 at 3.  She did contact DCS and made a $50.00 payment on July 9, 2013.  *Id.*

On July 26, 2013, an Order of Default and Judgment was entered in favor of DCS against Ms. Mease in district court.  Dkt. 8 at 11.  It provided:

Principal Judgment Amount:          $18,337.63

Interest to Date of Judgment:        $ 3,327.56

Attorney Fees:                      $   200.00

Costs:  a. Filing Fees:                          $   103.00

       b. Service Fees:                   $    31.50

Less Payments of:                             $    50.00

For a total accumulation of            $21,949.69

Dkt. 8 at 12.  The July 26, 2013 judgment further provided that "judgment shall further bear interest at the rate of 12% per annum for the date hereof, until paid and satisfied."  *Id.*

In a declaration filed in support of her motion for summary judgment, Ms. Mease states that she was unaware of the lawsuit in which the judgment was rendered and is unsure what the source of the medical debt was, but thinks it was related to a bad car accident.  Dkt. 9-1 at 2.  When she found out about the lawsuit, she kept in contact with DCS and made payments when she could.  *Id.*  At Ms. Mease's request, DCS sent her copies of the itemized billing statements from the medical providers.  Dkt. 11 at 4.

DCS garnished Ms. Mease's wages and bank accounts three times over the last several years.  Dkts. 9-1 at 2 and 8 at 14-19.  DCS suspended compounding interest during the pendency of Ms. Mease's two Chapter 13 bankruptcy cases.  Dkt. 11 at 5.  According to DCS, both bankruptcy cases were dismissed with no discharge granted.  *Id.*  It did not attempt to collect on the debt while the bankruptcy cases were pending.  *Id.*

On May 10, 2023, DCS filed a transcript of the 2013 district court judgment with the Clark County Washington Clerk of the Court, who opened a superior court case.  Dkts. 9-2 at 10-15 and 11 at 4; *DCS Financial DBA Diversified Creditors SVC v. Mease,* Clark County, Washington Superior Court number 23-2-01134-06.  A little explanation of Washington law regarding filing district court transcripts in superior court is helpful here. RCW 4.64.120, "Entry of Abstract or Transcript of Judgment," provides that:

> It shall be the duty of the county clerk to enter in the execution docket any duly certified transcript of a judgment of a district court of this state . . ., and to index the same in the same manner as judgments originally rendered in the superior court for the county of which he or she is clerk. Jurisdiction over the judgment, including modification to or vacation of the original judgment, transfers to the superior court. The superior court may, in its discretion, remand the cause to district court for determination of any motion to vacate or modify the original judgment.

RCW § 4.64.120.  DCS transcribed the July 26, 2013 district court judgment to the superior court on May 10, 2023, approximately nine years and nine months after it was originally entered in the district court.  At no time did DCS file an application to extend its judgment to take advantage of the available 20-year judgment term.  As will be further explained below in Section II.B., application is required by RCW § 4.64.120.  DCS's enforcement power and the judgment expired on July 26, 2023.

Following the judgment lapsing, DCS nevertheless made efforts to collect the judgment:

On September 14, 2023, Ms. Mease paid DCS $100.00.  Dkt. 9-1 at 2.  On October 31, 2023, DCS sent Ms. Mease a collection letter.  *Id*.  That letter provided in full:

| | | Charges | Payments | Balance |
|---|---|---|---|---|
| DCS FINANCIAL, INC. | | | | |
| 717 EAST 22ND STREET | Principle | 18337.63 | 2813.00 | 15520.63 |
| VANCOUVER, WA 98663 | Agency Interest | 3327.56 | 0.00 | 3327.56 |
| 360 992-4100/800 945-3327 | Legal Costs | 14864.04 | 2577.61 | 12286.43 |
| | | $36529.23 | $5394.61 | $31134.62 |

ACCOUNT LIST                                    AMOUNT YOU OWE _____

10-31-2023   09: 58 AM   2 JBH JBH

P1027034     D64     LDJ

    NICOLA MEASE
    16416 NE 82ND ST
    VANCOUVER WA 98682

The accounts listed below are on file with DCS Financial, Inc.
This communication is from a professional debt collector.
_____

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 4

Open Accounts

| Acct No | Date | Description / Reference# | | | | | Current APR |
|---|---|---|---|---|---|---|---|
| Principle | | Client Interest | Client Other | Agency Interest | Costs | Payments | Balance |
| 1347502 | 11-24-2012 | PEACEHEALTH SW MEDICA, VANCOUVER WA #1232902492 | | | | | 12% LJD |
| 200.00 | 0.00 | | 0.00 | 2.90 | 0.00 | 0.00 | $202.90 |
| 1328933 | 07-02-2012 | PEACEHEALTH SW MEDICA, VANCOUVER WA #1218405593 | | | | | 12% LJD |
| 558.00 | 0.00 | | 0.00 | 39.79 | 0.00 | 0.00 | $597.79 |
| 1303969 | 11-29-2011 | PEACEHEALTH SW MEPICA, VANCOUVER WA #1133300101 | | | | | 12.00% LJD |
| 1864.90 | 0.00 | | 0.00 | 275.91 | 0.00 | 0.00 | $2140.81 |
| 1303963 | 11-09-2011 | PEACEHEALTH SW MEDICA, VANCOUVER WA #1131302232 | | | | | 12.00% LJD |
| 1597.00 | 0.00 | | 0.00 | 236.37 | 0.00 | 0.00 | $1833.37 |
| 1286782 | 05-17-2011 | PEACEHEALTH SW MEDICA, VANCOUVER WA #1113606832 | | | | | 12.00% LJD |
| 7204.35 | 0.00 | | 0.00 | 1413.98 | 0.00 | 0.00 | $8618.33 |
| 1286780 | 05-14-2011 | PEACEHEALTH SW MEDICA, VANCOUVER WA #1113400178 | | | | | 12.00% LJD |
| 6839.20 | 0.00 | | 0.00 | 1342.34 | 0.00 | 2742.82 | $5438.72 |
| 1276965 | 11-02-2010 | SWMC OUTPATIENT LABO, BURLINGTON NC #W700143118 | | | | | 12.00% LJD |
| 74.18 | 0.00 | | 0.00 | 16.27 | 0.00 | 74.18 | $16.27 |
| L794784 | 05-08-2013 | LEGAL: SC CLARK WA #23-2-01134-06 | | | | | 12.00% LJD |
| | | | | 14864.04 | | 2577.61 | $12286.43 |

Dkt. 9-1 at 5. The letter is legally meaningless. Ms. Mease states that she did not understand the letter, so she called DCS. Dkt. 9-1 at 3. She contends she was told that the 2013 judgment had been "extended." *Id.* Ms. Mease states that she was confused by the letter and DCS's assertions and so purchased copies of the court files and contacted an attorney to understand her rights. *Id.*

On April 4, 2024, Ms. Mease filed this case against DCS asserting claims under the FDCPA, WCPA, and WCAA. Dkt. 1. Ms. Mease seeks damages, including treble damages, injunctive relief, attorneys' fees, and costs. *Id.* DCS, in its motion for summary judgment, seeks a finding that the judgment is valid and collectible, and denies Plaintiff's claims.

## II.      DISCUSSION

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the

burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, which is a preponderance of the evidence in most civil cases.  *Anderson* at 254; *T.W. Elect.* at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect.* at 630 (relying on *Anderson* at 255).  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

## B.  VALIDITY OF DCS'S 2013 JUDGMENT

The first issue presented in this case is whether DCS's July 26, 2013 judgment was valid when it attempted to collect on the judgment after 10 years had lapsed.  Both parties move for summary judgment on this issue.

In Washington, as is relevant here, "after the expiration of ten years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor" except that a "lien based upon an underlying judgment continues in force for an additional ten-year period if the period of execution for the underlying judgment is extended under RCW 6.17.020."  RCW 4.56.210(1) and (3).

Examination of the statutory language in RCW 6.17.020, then is necessary.  RCW 6.17.020(1) provides that, "except as provided in subsection[] . . . (3) . . . of this section, the party in whose favor a judgment of a court has been . . . rendered . . . may have an execution, garnishment, or other legal process issued for the collection or enforcement of the judgment at anytime within 10 years from entry of the judgment . . ."  RCW 6.17.020(1).

Accordingly, in this case, the July 26, 2013 district court judgment was enforceable until July 26, 2023 unless an exception applies.  RCW 6.17.020(1).  DCS points to RCW 6.17.020(3) as the source of the exception.  Referred to in RCW 6.17.020(1) as "subsection (3)," it provides, in part,

> After June 9, 1994, a party in whose favor a judgment has been . . . rendered pursuant to subsection (1) . . . of this section . . . may, within 90 days before the expiration of the original 10-year period, apply to the court that rendered the judgment . . . for an order granting an additional 10 years during which an execution, garnishment, or other legal process may be issued.

As summarized by the Washington State Supreme Court, "RCW 6.17.020 authorizes execution on a judgment within a 10-year period and provides for a one time extension of the judgment for another 10 years." *Am. Disc. Corp. v. Shepherd*, 160 Wn.2d 93, 97 (2007).  RCW 6.17.020(3) continues, and some of the remaining relevant portions of RCW 6.17.020(3) are difficult to understand and are poorly drafted.  Subsection (3) further states:

> If a district court judgment of this state is transcribed to a superior court of this state, the original district court judgment shall not be extended and any petition under this section to extend the judgment that has been transcribed to superior court shall be filed in the superior court within 90 days before the expiration of the 10-year period of the date the transcript of the district court judgment was filed in the superior court of this state. The petitioner shall pay to the court a filing fee . . . The order granting the application shall contain an updated judgment summary as provided in RCW 4.64.030. The filing fee required under this subsection shall be included in the judgment summary and shall be a recoverable cost. The application shall be granted as a matter of right, subject to review only for timeliness, factual issues of full or partial satisfaction, or errors in calculating the judgment summary amounts.

RCW § 6.17.020(3).

It is difficult to reconcile certain provisions of RCW § 6.17.020(3) and Washington's overall statutory scheme regarding the timeframe in which judgments are enforceable and when they must be reviewed to have them extended.

Under RCW § 6.17.020(3), after the July 26, 2013 district court judgment was transcribed to superior court, the original July 26, 2013 district court judgment was barred from being extended. RCW § 6.17.020(3) ("[I]f a district court judgment of this state is transcribed to a superior court of this state, the original district court judgment **shall not** be extended"). RCW § 6.17.020(3) is silent on the status of a, say 9 year 10-month-old, transcribed district court judgment in the superior court (is it automatically extended or not extended) before an application for an extension is filed and granted. Certainly, RCW § 6.17.020(3) goes on to contemplate a timeframe in which an application for extension of a transcribed district court judgment could be filed in the superior court. It provides that "any petition . . . to extend the judgment that has been transcribed to superior court shall be filed in the superior court within 90 days before the expiration of the 10-year period of the date the transcript of the district court judgment was filed in the superior court of this state." The thorny issue here is that the statute appears to leave the transcribed district court judgment (filed on May 10, 2023) arguably not

1  extended and not eligible for an application to extend it until 90 days before May 10, 2033.

2  Further, under RCW § 6.17.020(7), which provides that, except in circumstances not applicable

3  here, "no judgment is enforceable for a period exceeding 20 years from the date of entry in the

4  originating court," the transcribed district court judgment could only be extended to July 26,

5  2033 (20 years from the date the district court entered the judgment).

6          DCS's interpretation of § 6.17.020(3) (that by filing a district court judgment to be

7  transcribed in superior court, the judgment is automatically extended for another 10 years) does

8  not square with the remaining provisions of § 6.17.020(3), which provide the grounds for review

9  for an application to extend a judgment that is over 10 years old and, if the application is granted,

10  the contents of the order.  RCW § 6.17.020(3) (applications to extend a judgment shall be

11  reviewed for "timeliness, factual issues of full or partial satisfaction, or errors in calculating the

12  judgment summary amounts" and if the application to extend a judgment is granted, the order

13  "shall contain an updated judgment summary as provided in RCW 4.64.030").  The undersigned

14  concludes that, read in context, RCW § 6.17.020(3) requires that an application be filed and

15  granted before a judgment is extended.  Accordingly, DCS's 2013 judgment was <u>not</u>

16  automatically extended, and it failed to file an application for an extension.

17          DCS argues that the Court should "harmonize" provisions of RCW § 6.17.020(3) with

18  the provisions governing liens of judgments on real estate (RCW § 4.56.200).  Dkt. 10 at 6.  It

19  points to the following provision:

20          The lien of judgments upon the real estate of the judgment debtor shall commence
           as follows: . . .

22          (4) Judgments of a district court of this state rendered or filed as a foreign
           judgment in a superior court in the county in which the real estate of the judgment
           debtor is situated, from the time of the filing of a duly certified district court
23          judgment or duly certified transcript of the docket of the district court with the
           county clerk of the county in which such judgment was rendered or filed, and

24

> upon such filing said judgment shall become to all intents and purposes a judgment of the superior court for said county . . .

RCW § 4.56.200(4).  DCS fails to demonstrate that a finding that the July 26, 2013 judgment was expired and not enforceable in September 2023 when the payment was sent (or on October 31, 2023 when DCS sent Ms. Mease a letter or in November 2023 when Ms. Mease called DCS about the letter), is not in "harmony" with RCW § 4.56.200 and Washington's statutory scheme regarding judgments.  RCW § 4.56.200 indicates that jurisdiction over the judgment transfers to the superior court once a district court judgment is transferred but does not indicate that the transcribed district court judgment is automatically extended. DCS's July 26, 2013 judgment expired on July 26, 2023.

## C.  FAIR DEBT COLLECTION PRACTICES ACT CLAIMS

"The FDCPA comprehensively regulates the conduct of debt collectors and is a strict liability statute." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 31, 2014)(*internal quotation marks and citations omitted*).  It is also a remedial statute, so "it should be construed liberally in favor of the consumer." *Id.* at 1118.

To prevail on a FDCPA claim, a plaintiff must establish that a debt collector, like DCS, has failed to comply with "any provision" of the Act.  15 U.S.C. § 1692k.  A plaintiff who does so is entitled to actual damages, statutory damages of not more than $1,000, attorneys' fees, and costs.  15 U.S.C. § 1692k(a).  One action, like sending a letter or making a phone call, can give rise to multiple violations of the FDCPA.  *Clark v. Capital Credit & Collection Services,* 460 F.3d 1162, 1177 (9th Cir. 2006).  Numerous violations of the FDCPA may be based on one set of circumstances and should be so considered during the calculation of damages.  *Id.*  Ms. Mease does not seek an award of damages in her summary judgment motion.

Ms. Mease contends that DCS violated § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  The FDCPA's § 1692e contains a "nonexclusive list of 16 practices that are deemed to be 'false, deceptive, or misleading'" including misrepresenting the "character, amount, or legal status of any debt."  *Stimpson v. Midland Credit Mgmt., Inc*., 944 F.3d 1190, 1195 (9th Cir. 2019)(*quoting* § 1692e(2)).  Ms. Mease also asserts that DCS violated § 1692f, which provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  Included as a violation of § 1692f is "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

In this circuit, a debt collector's liability under §§ 1692e or 1692f of the FDCPA is an issue of law.  *Tourgeman* at 1119.  The analysis is objective and considers whether the "'least sophisticated debtor' would likely be misled by a communication.  The 'least sophisticated debtor' standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id*. (*internal quotation marks and citations omitted*).  While the "least sophisticated debtor may be uninformed, naive, and gullible," their interpretation of a debt collector's action "cannot be bizarre or unreasonable." *Id*.

DCS's collection attempts after the July 26, 2013 judgment expired violated the FDCPA.

1.   DCS's Acceptance of Ms. Mease's $100.00 Payment in September 2023

Ms. Mease argues that DCS accepted a $100.00 payment from her even though the July 26, 2013 district court judgment had expired and so violated the FDCPA § 1692f(1)'s prohibition on attempting to collect amounts "authorized by the agreement creating the debt or permitted by

law." Dkt. 1. DCS argues that the July 26, 2013 judgment was valid under RCW 6.17.020(3) and so its acceptance of the payment (and other collection efforts (the October 31, 2023 letter and later phone call statements)) were not violations of the FDCPA. Dkts. 8, 10, and 14.

The 2013 district court judgment was not automatically extended when it was transcribed in the superior court. RCW § 4.64.120(3). At the time DCS accepted the $100.00 September 2023 payment, the July 26, 2013 judgment had expired, and so no enforceable judgment was in place. Because the FDCPA is a remedial statute and is to be construed liberally in favor of the consumer, *Tourgeman* at 1118, DCS's acceptance of the $100.00 payment pursuant to a judgment that had expired was "unfair" and violated § 1692f. Moreover, it was material. By accepting the payment, DCS left Ms. Mease with the impression that the judgment was valid, whether it was or not. This arguably prompted her payment and slowed her response to contesting the judgment.

Ms. Mease's motion for summary judgment on her FDCPA claim based on DCS's acceptance of the $100 September 2023 payment (Dkt. 9) should be granted and DCS's motion for summary judgment on the same claim based on the same facts (Dkt. 8) should be denied.

### 2.   FDCPA Claims based on October 31, 2023 Letter

Ms. Mease asserts that DCS violated both the FDCPA's §§ 1692e and 1692f when it sent the October 31, 2023 letter. Dkt. 1.

**FDCPA § 1692e**. Ms. Mease contends that DCS violated the FDCPA's § 1692e based on the content of the October 31, 2023 letter even if the 2013 judgment was valid. Dkt. 1. DCS's motion for summary judgment on Ms. Mease's FDCPA claims predicated on the October 31, 2023 letter (Dkt. 8) should be denied and Ms. Mease's FDCPA claims on the same basis (Dkt. 9) should be granted. At a minimum, the letter "misrepresents" the "character" of the debt

from the perspective of the "least sophisticated debtor" contrary to § 1692e.  *Tourgeman* at 1119.

For example, on the top of the letter, "Legal Costs" are listed as "14864.04."  Dkt. 9-1 at 5.  The

two lines of the letter read:

    L794784 05-08-2013 LEGAL: SC CLARK WA #23-2-01134-06     12.00% LJD

                      14864.04       2577.61    $12286.43

*Id.*  In response to Ms. Mease's motion for summary judgment, DCS submitted Adams'

declaration, who as it relates to the "Legal Costs" of "14864.04" states that those cost are:

> (1) costs of $334.50 that were awarded to DCS in the original judgment, (2) costs of $1,105.63 that were awarded to DCS in garnishment proceedings, (3) costs of $40.00 that were assessed by the court and paid by DCS in order to transcribe the judgment to superior court, and (4) post-judgment interest of $13,383.41.

Dkt. 11 at 4.  Lumping various court costs with post-judgment interest is "genuinely misleading"

as to the "character" of the debt.  15 U.S.C. § 1692e. Further, the date listed on the second to the

last line of the letter, May, 8, 2013, implies that the event that gave rise to the "legal costs"

occurred on May 8, 2013, but according to DCS, the "legal costs" occurred over several years.

This compounds confusion for a least sophisticated debtor.  The October 31, 2023 letter further

lists a group of seven "accounts" listing various amounts due but fails to explain that these

"accounts" were reduced to the July 26, 2013 judgment in district court.  Each "account" line

includes spaces for "client interest" and "other interest."  Yet, DCS now states that post-

judgment interest is hidden within its "Legal Costs."  These statements are misleading and are

material because they may frustrate a least sophisticated debtor's ability to "intelligently choose

their response." *Tourgeman* at 1119.

       DCS argues that Ms. Mease's motion for summary judgment should be denied because

DCS is entitled to the bona fide error defense.  Dkt. 14 at 4-5.  "The FDCPA makes debt

collectors liable for violations that are not knowing or intentional.  It provides a narrow

exception to strict liability, however, for bona fide errors." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008).  To qualify for the defense, the debt collector, who bears the burden of proof, must show "(1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

As to the first element, DCS has not acknowledged that it violated the FDCPA unintentionally.  It argues that "summary judgment is precluded on the issue of whether the account statement that was sent to Plaintiff contained an actionable misleading statement of material fact." Dkt. 14 at 5.  Assuming for purposes of assessing the bona fide error defense only, that it is conceding that it violated the FDCPA when in sent the October 31, 2023 letter based on the content of the letter, it meets the first element.  DCS fails to make a showing on the second element, that the violation resulted from a bona fide error.  It merely jumps to the third element, "maintenance of procedures reasonably adapted to avoid the error."  DCS contends that it "periodically employs counsel to review written forms of communication with account debtors for the purposes of assuring compliance with the [FDCPA] and [WCAA]." Dkt. 15.  DCS fails to meet its burden.  In the Ninth Circuit, "[p]rocedures that support a valid bona fide error defense must be reasonably adapted to avoid the specific error at issue." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011)(*cleaned up*).  That lawyers occasionally review forms sent to debtors is not a procedure that is "reasonably adapted" to avoid the misstatements and mischaracterizations that occurred in the October 31, 2023 letter. DCS has failed to point to facts, if believed, that show that it is entitled to the bona fide error defense.

**FDCPA § 1692f.**  As she did in her FDCPA claim regarding DCS's acceptance of her $100 payment, Ms. Mease also contends that DCS violated § 1692f when it sent the letter on October 31, 2023 because the July 26, 2013 district court judgment had expired and no order granting an extension of the judgment had been entered.  Dkt. 1.

Section 1692f, again, provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  DCS violated § 1692f when it sent the letter.  The letter was an attempt to collect amounts which, at that time, were not pursuant to an enforceable judgment.  Amounts it sought were not "authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Even if the judgment were enforceable, waiting until 9 years and 10 months to transcribe the district court judgment, arguably to take advantage of the ambiguity of the statute and avoid the necessity of superior court review, is "unfair."  *Id.*  Ms. Mease's motion for summary judgment on her FDCPA § 1692f(1) claim based on DCS's sending a letter to collect on the July 26, 2013 judgment which had not been extended (Dkt. 9) should be granted and DCS's motion for summary judgment on the same claim (Dkt. 8) should be denied.

> 3.  <u>FDCPA Claim based on Call between Ms. Mease and DCS after the October 31, 2023 Letter</u>

Ms. Mease asserts that DCS violated the FDCPA when she called it after receiving the October 31, 2023 letter.  Dkt. 1.  Ms. Mease states that she did not understand the letter, so she called DCS.  Dkt. 9-1 at 3.  She contends she was told that the 2013 judgment had been "extended."  *Id.*  DCS does not offer any evidence challenging these facts.  It again argues that the July 26, 2013 transcribed district court judgment was valid.

Ms. Mease's motion for summary judgment on her FDCPA claim based on statements that DCS made that the judgment had been "extended" (Dkt. 9) should be granted and DCS's

motion for summary judgment on the same claim (Dkt. 8) should be denied.  DCS's assertion

that the judgment had been "extended," was "unfair" and violated the FDCPA.

### 4.   Conclusion on FDCPA Claim

Ms. Mease's motion for summary judgment on her FDCPA claim (Dkt. 9) should be

granted and DCS's motion for summary judgment on her FDCPA claim (Dkt. 8) should be

denied.  DCS has failed to point to issues of fact as to this claim and Ms. Mease has shown that

she is entitled to a judgment as a matter of law.

### D.  WASHINGTON COLLECTION AGENCY ACT AND WASHINGTON CONSUMER PROTECTION ACT CLAIMS

Ms. Mease asserts a WCAA claim pursuant to RCW 19.16.250(21), which prohibits debt

collectors from collecting or attempting to collect "in addition to the principal amount of a claim

any sum other than allowable interest, collection costs or handling fees expressly authorized by

statute, and, in the case of suit, attorney's fees and taxable court costs."  By attempting to collect

on an expired judgment, DCS attempted to collect amounts not "expressly authorized by statute,"

and so violated WCAA's RCW 19.16.250(21).

The WCAA is enforced through the WCPA.  RCW 19.16.440.  Accordingly, these claims

should be analyzed together.  Further, a violation of the FDCPA also meets some of the required

elements of a WCPA claim, *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53-54

(2009), and so the FDCPA claim will also be part of the discussion here.

Violations of the WCPA require a plaintiff to establish "five distinct elements: (1) unfair

or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4)

injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training*

*Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780 (1986). "A per se unfair trade

1  practice exists when a statute which has been declared by the Legislature to constitute an unfair

2  or deceptive act in trade or commerce has been violated." *Id*. at 786.

3        A violation of the FDCPA or the WCAA satisfies the first three elements of a WCPA

4  claim. *Panag* at 53-54.  As above, Ms. Mease has shown that DCS violated the FDCPA and

5  WCAA.  Accordingly, she has demonstrated that DCE has engaged in: (1) unfair or deceptive

6  acts or practices, (2) which occurred in trade or commerce, and (3) that there is a public interest

7  impact. *See Hangman Ridge* at 780.

8        The issues remaining on Ms. Mease's WCPA claim (and WCAA claim) are elements (4)

9  whether Ms. Mease demonstrated that she was injured in her "business or property" and (5)

10  whether her injury was caused by DCS's actions.

11        Ms. Mease stated that due to the confusing nature of the October 31, 2023 letter and

12  DCS's statements on the phone, she spent money getting copies of the court dockets and hired a

13  lawyer. Dkt. 9-1.  She has adequately established that she was both injured (element 4) and that

14  her injury was caused by DCS's actions (element 5).

15        Ms. Mease's motion for summary judgment on her WCAA and WCPA claims (Dkt. 9)

16  should be granted, and DCS's motion for summary judgment on Plaintiff's WCAA and WCPA

17  claims (Dkt. 8) should be denied.  DCS has failed to point to issues of fact as to these claims and

18  Ms. Mease has shown that she is entitled to a judgment as a matter of law.

19  **E.  CONCLUSION**

20        Ms. Mease's motion for summary judgment (Dkt. 9) should be granted as to her FDCPA,

21  WCAA, and WCPA claims.  DCS's motion for summary judgment (Dkt. 8) should be denied.

22        Ms. Mease claims actual damages, statutory damages of $1,000.00 for FDCPA

23  violations, treble damages for the WCPA violations, costs, and attorneys' fees. Dkt. 1 at 7-8.

24

She also seeks injunctive relief including an order enjoining DCS from "its unlawful collection tactics, including demanding amounts not owed, assessing collection costs that were not awarded or owed, failing to properly calculate amounts owed, and leveraging an expired judgment to extract payments." *Id.* at 7.  She seeks this injunctive relief for herself and "any other person similarly situated." *Id.*  The parties' motions did not address Ms. Mease's claims for damages and/or injunctive relief.  Accordingly, claims for damages and injunctive relief are not covered in this order.  Whether they are appropriate remains for further disposition.

### III.   ORDER

It is **ORDERED** that:

- DCS Financial Inc.'s ("DCS") Motion for Summary Judgment (Dkt. 8) **IS DENIED** and

- Plaintiff Nicola Mease's Cross Motion for Summary Judgment (Dkt. 9) **IS GRANTED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of July, 2024.

ROBERT J. BRYAN
United States District Judge