UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICOLA MEASE, | CASE NO. 3:24-cv-05257-DGE |
| Plaintiff, | ORDER ON MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY OF LITIGATION |
| v. | |
| DCS FINANCIAL INC., | |
| Defendant. | |

## I  INTRODUCTION

This matter comes before the Court on Defendant's motion for certification of interlocutory appeal and stay of litigation. (Dkt. No. 18.) For the foregoing reasons, the motion is DENIED.

## II  BACKGROUND

On July 7, 2024, the Court granted Plaintiff's motion for summary judgment. (Dkt. No. 18.) On August 2, 2024, Defendant moved for reconsideration and requested that the Court certify certain questions to the Washington Supreme Court. (Dkt. No. 19.) Specifically,

Defendant took issue with the Court's interpretation of Washington Revised Code § 6.17.020(3) and requested that the Court certify whether 1) the statute "provide[s] an exception to the rule that a state district court judgment expires 10 years from the date of entry of the judgment where the district court judgment has been transcribed to a state superior court"; and 2) whether "a state district court judgment that has been transcribed to state superior court expire 10 years from the date that the transcript of the district court judgment was filed in the superior court." (*Id*. at 3.) The Court denied Defendant's motion for reconsideration, finding that "[a]n analysis of the state statues make clear that transcription of a state district court judgment to a state superior court does not trigger an automatic extension of the judgment." (Dkt. No. 21 at 2.) Additionally, it found that Defendant's request to certify these questions to the Washington Supreme Court was "without merit" because "the statutes are clear when analyzed, and certification to the Washington Supreme Court would be a waste of time and money." (*Id*. at 3.)[1]

Undeterred, Defendant has now moved for certification of these two questions to the Ninth Circuit. (*See* Dkt. No. 26 at 1.)

### III   DISCUSSION

**A. Legal Standard**

District court rulings are generally not appealable until the court disposes of all claims as to all parties or enters final judgment. *Romoland Sch. Dist. v. Inland Empire Energy Ctr*., LLC, 548 F.3d 738, 747 (9th Cir. 2008); *see also* 28 U.S.C. § 1291. However, "[u]nder 28 U.S.C.

---

[1] As the Court noted previously, Defendant's request to certify the question to the Washington Supreme Court was also "unreasonably late," as the Court had already ruled on the matter. (Dkt. No. 21 at 3.) "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). "The Washington State Supreme Court does not operate as a court of appeals for decisions of this Court." *Robertson v. GMAC Mortg*. LLC, 2013 WL 2351725, *3 (W.D. Wash. May 30, 2013).

ORDER ON MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY OF LITIGATION - 2

§ 1292(b) parties may take an interlocutory appeal when 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). To certify an interlocutory appeal, the Court "must determine that the order meets the three certification requirements outlined in § 1292(b): '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion [as to that question], and (3) that an immediate [resolution of that question] may materially advance the ultimate termination of the litigation.'" *Id.* (quoting *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981)).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). "The 'substantial grounds' prong is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions.'" *ICTSI Oregon*, 22 F.4th at 1130 (quoting *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). Circuit splits and complicated questions arising under foreign law have been found to satisfy the "substantial grounds" requirement. *Id.* "[T]he 'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings. *Id.* at 1131 (quoting *Cement Antitrust*, 673 F.2d at 1027). The party pursuing the interlocutory appeal bears the burden of demonstrating that the requirements of § 1292(b) are met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

**B. Analysis**

1    Defendant has failed to sustain its burden of showing that the § 1292(b) requirements are
2    satisfied.  Although this Court noted in its summary judgment order that § 6.17.020(3) is far
3    from a picture of clarity, courts are often tasked with interpreting vague and seemingly
4    contradictory statutory schemes.  The Ninth Circuit has emphasized that § 1292(b) is "not
5    intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*,
6    359 F.2d 784, 785 (9th Cir. 1966).  Indeed, "the mere presence of a disputed issue that is a
7    question of first impression, standing alone, is insufficient to demonstrate a substantial ground
8    for difference of opinion." *Couch*, 611 F.3d at 634 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir.
9    1996)).  Here, as in a recent case before the Court, "Defendants' disagreement with the Court's
10   prior ruling alone does not create the required 'substantial difference of opinion.'" *Providence*
11   *Health & Servs. v. Certain Underwriters at Lloyd's London*, No. C18-495RSM, 2019 WL
12   1436882 (W.D. Wash. Apr. 1, 2019).[2]

13   Moreover, the Court does not find that the certification of appeal would "materially
14   advance the ultimate termination of the litigation." *Reese v. BP Exploration (Alaska) Inc*., 643
15   F.3d 681 (9th Cir. 2011).  "[T]he legislative history of 1292(b) indicates that this section was to

---

[2] The Court acknowledges that Defendant filed a notice of supplemental of authority indicating that Judge Jones recently issued an order requiring parties to show cause as to why similar questions regarding interpretation of Washington Revised Code § 6.17.020(3) should not be certified to the Washington Supreme Court.  (Dkt. No. 31 at 1.)  Judge Jones noted that "[t]o say RCW 6.17.020(3) lacks clarity would constitute an understatement."  (*Id*. at 5.)  That Judge Jones is considering certification to the Washington Supreme Court at a *timely* point in litigation (*see supra* note 1), however, does not illustrate that there is a "substantial difference of opinion" for purposes of certifying the instant interlocutory appeal in this lawsuit at this stage of the litigation.  Indeed, Judge Jones' order affirms this Court's impression that it is difficult to reconcile certain provisions of Washington Revised. Code§ 6.17.020(3) with Washington's overall statutory scheme.  Particularly considering that the legal issue at hand is one of state law, the litigants in Judge Jones' courtroom arguing for timely certification to the Washington Supreme Court present a case with a different set of considerations than those in the instant motion.

ORDER ON MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY OF LITIGATION - 4

be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). In this instance, it seems it would instead provide Defendant with a third bite at the apple, as the Court has already considered Defendant's arguments in the first instance and in its motion for reconsideration and certification to the Washington Supreme Court.

## IV   CONCLUSION

Accordingly, Defendant's motion is DENIED.

Dated this 9th day of December, 2024.

David G. Estudillo
United States District Judge